## W. H. McDonald et al. v. George D. Holmes et al.

### Gen. No. 12,588.

1. SAVINGS SOCIETY—*when trustees of, not liable for negligence.* Trustees of a savings society are not liable for negligence where the by-laws agreed to by the complaining party exempted them from liability except in cases of wilful misconduct.

Bill for accounting. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded with directions. Opinion filed July 13, 1906. Rehearing denied July 27, 1906.

Statement by the Court. Early in 1899 the appellants, George B. Lathrop, A. R. Moulton, G. H. Armstrong and certain other persons, entered into an agreement in writing for the organization of an unincorporated society for savings, of which society any other person might become a member in the manner therein provided. Said agreement began as follows:

''That we, the subscribers hereto, in consideration of the benefits and advantages accruing to ourselves, and to each other, do hereby associate ourselves together under the name and style of the Chicago Society for Savings for the purpose of conducting the business of a savings bank in the City of Chicago, in the County of Cook and State of Illinois, and that we hereby agree to be bound and governed by the following articles of agreement.''

Article 1 of said agreement provided that any per-

son might become a member of said society by signing said articles and depositing one dollar or more, which membership should continue until such deposit was withdrawn.

Article 2, that the affairs of the society should be under the control of a board of trustees composed of eleven members, which board should have the power to choose their successors.

Article 3, that the first board of trustees should be composed of appellants and six others therein named.

Article 4 provided for the appointment of a president, treasurer and other officers of said society by said trustees.

Article 5, that the trustees, undertaking their duties without the expectation of emolument, and pledging themselves to an upright and conscientious discharge thereof, are not to be held responsible for any losses which may happen from whatsoever cause, except their wilful, corrupt misconduct, in which case those trustees only who are present and guilty of such misconduct shall be answerable for the same.

Article 6. It is expressly understood and agreed that no liability, other than for deposits, shall be incurred on the part of this society at any time in an amount exceeding fifty per cent. of its total merchandise assets.

Article 7. It is agreed that each member of this society shall be bound by, and shall possess no rights enforceable other than in conformance with the rules and regulations hereinafter set forth and hereto appended.

The provisions of the remaining articles and of the rules and regulations need not be here stated.

These articles of agreement were signed by eleven persons and the signers were, by article 3, made the first board of trustees. The trustees elected at their first meeting appellant McDonald president of the society, Lathrop treasurer and Armstrong secretary.

Moulton, Lathrop and Armstrong then and from that time until May, 1902, were engaged in banking at Chicago under the firm name of Moulton, Lathrop & Co.

Appellees Holmes and Quincey deposited money with the treasurer of the society and signed said articles of agreement, and Thomas S. Quincey made a similar deposit for his infant daughter Violet, and signed said articles for her.

In May, 1902, the following balances were due appellees from said society, viz.: to Holmes $755, Quincey $22.50, Jones $40, and the society had a sum equal to the aggregate amount due said depositors on deposit in the bank of Moulton, Lathrop & Co., on May 24, 1902, when that firm was adjudged bankrupt.

The bill in this case was filed by appellees Holmes, Jones and Quincey, against appellants and the other members of said board of trustees. It sets out the facts above stated, avers that the money deposited by appellees with said Society for Savings was by said trustees carelessly and negligently left on deposit with said bank of Moulton, Lathrop & Co., and prays that said trustees may be compelled to account for the money received by them as such trustees, and that they may be decreed to pay complainants the amount of their said deposits.

After answer and replication the cause was referred to a master to take and report the proofs with his conclusions thereon. The master by his report found that the equities of the cause were with the defendants. The chancellor sustained the exceptions of complainants to the master's report, and entered a decree that the appellants pay to each of the complainants the amount due to each from said "Chicago Society for Savings," and from that decree this appeal is prosecuted.

RANDALL W. BURNS and AYERS, RINAKER & AYERS, for appellants.

CHARLES H. BLATCHFORD, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The society was created by written articles of agreement between its members. By those articles appellants with others were made trustees of the funds of the society. Each depositor on becoming so signed the agreement and became a party to it. Appellees thus became parties to the agreement, and their rights as well as the liability of the trustees to them must depend upon and be determined by the articles of agreement.

Articles 5 and 7 of that agreement are as follows:

"Article 5. The trustees, undertaking their duties without the expectation of emolument, and pledging themselves to an upright and conscientious discharge thereof, are not to be held responsible for any losses which may happen from whatsoever cause, except their wilful, corrupt misconduct, in which case those trustees only who are present and guilty of such misconduct shall be answerable for the same."

"Article 7. It is agreed that each member of this society shall be bound by, and shall possess no rights enforceable other than in conformance with the rules and regulations hereinafter set forth and hereto appended."

There is no evidence in the record even tending to show any wilful or corrupt misconduct on the part of any of the appellants, and by the express provision of article 5 the trustees were not to be held responsible for any losses which might happen from any cause other than their wilful, corrupt misconduct, and in that case only those trustees guilty of such misconduct should be answerable for the same.

The bill alleged that appellants failed to perform their duties as trustees; that the deposits of the society in the bank of Moulton, Lathrop & Co. at the time of their failure amounted to $1,133.75, "which sum was carelessly and negligently left on deposit by said trustees in the bank of Moulton, Lathrop & Co."

If it be conceded that the trustees, under the articles of agreement, were liable for losses sustained by depositors through their negligence, the proofs do not support the allegation that the funds of the society on deposit in the bank of Moulton, Lathrop & Co. at the time of their failure were carelessly or negligently so left on deposit in said bank by the trustees.

It is true that the funds of the society were at the time of the failure of Moulton, Lathrop & Co. on deposit in the bank of that firm and that the trustees had adopted elaborate "Rules for the investment of funds," which provided that the funds of the society should be invested in certain specified classes of bonds, in mortgages on real estate, or in time loans secured by collateral. But the society had on deposit, at most, but $1,133.75, and the proofs do not clearly show that it had any depositors other than appellees, and their deposits amounted in the aggregate to $815.50.

A savings bank or society which three years after its organization has deposits amounting only to either $815.70 or $1,133.75, especially where $755 of such deposits is due to one person, cannot be said to have on hand "funds for investment" in bonds, mortgages or time loans. With a sufficient amount of deposits and a sufficient number of depositors, such a society may properly invest a certain percentage of its deposits in bonds or time loans, but with only the amount of deposits and the number of depositors which this society had it was prudent and proper and not negligent to keep the entire amount of such deposits on deposit in a bank.

The financial reputation and standing of Moulton, Lathrop & Co. was good up to the time of their failure. Appellant Holmes was a depositor with the firm up to the time the Chicago Savings Society was organized. Some of the trustees were depositors with the firm up to the time of their failure. Moulton and Lathrop died before the bill was filed; Armstrong was a non-resident

when the bill was filed. There is no evidence tending to show that any one of appellants or any trustee other than Moulton, Lathrop and· Armstrong had any· reason to suspect, up to the time of·their failure that Moulton, Lathrop & Co. were not financially sound and responsible.

The proofs, in our opinion, do not establish any liability on the part of appellants to appellees for the amounts deposited by them in said society, and the decree of the Superior Court will be reversed and re-manded with directions to enter a decree dismissing the bill for want of equity.

*Reversed and remanded with directions.*